UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  KATHLEEN ANNE DUDLEY,                               No. 24-10034-j11

Debtor.

---

DISCIPLINARY BOARD OF THE
THE SUPREME COURT OF THE
STATE OF NEW MEXICO,

    Petitioner,

v.                                                          Adversary No. 24-1023-j

CHARLES EDWARD LINCOLN, III,

    Respondent.

## **MEMORANDUM OPINION**

Petitioner Disciplinary Board of the Supreme Court of the State of New Mexico ("Disciplinary Board") objects to the removal to this Court of a proceeding pending in the Supreme Court of the State of New Mexico entitled, *The Disciplinary Board v. Charles Edward Lincoln III*, No S-1-SC-40372 (the "Disciplinary Proceeding") and requests the Court to remand the Disciplinary Proceeding to the New Mexico Supreme Court for lack of federal court jurisdiction. Respondent Charles Edward Lincoln, III, opposes remand. Because this Court concludes that the Disciplinary Proceeding is not subject to removal to the bankruptcy court the Court will grant the Disciplinary Board's request for remand.

PROCEDURAL HISTORY

This adversary proceeding was commenced on August 9, 2024, by the filing of a Notice of Removal which removed the Disciplinary Proceeding to this Court. On August 20, 2024, the Disciplinary Board filed an Objection to Removal and Motion to Remand to New Mexico

Supreme Court for Lack of Federal Jurisdiction (the "Motion to Remand" – Doc. 5) arguing that this Court lacks jurisdiction over the Disciplinary Proceeding and that this Court should abstain from hearing this adversary proceeding and remand the removed proceeding to the New Mexico Supreme Court. The Disciplinary Board and Mr. Lincoln each filed a brief regarding the Motion to Remand. (Docs. 12 and 18).

On September 26, 2024, Mr. Lincoln filed a motion asking the United States District Court for the District of New Mexico (the "District Court") to withdraw the automatic reference of this adversary proceeding to the Bankruptcy Court ("Motion to Withdraw Reference" – Doc. 13). After filing the Motion to Withdraw the Reference, on November 1, 2024, Mr. Lincoln filed a request for leave to take jurisdictional discovery relating to the Motion for Remand and a request for an evidentiary hearing (Doc. 19), which the Disciplinary Board opposes (Doc. 20). In July of 2025, proposed intervenors filed motions for leave to intervene in this adversary proceeding to file a counterclaim and third-party complaint for declaratory judgment and injunctive relief. (Docs. 29 and 32).

If the Motion to Withdraw the Reference had been granted, the District Court would have presided over all pending matters in this adversary proceeding. However, on September 17, 2025, the District Court entered an order denying the Motion to Withdraw Reference (the "Order Denying Motion to Withdraw the Reference" – Doc. 34) and denied the pending motions to intervene without prejudice, as premature, "[g]iven that the Motion to Remand will be ruled on by the Bankruptcy Court." Order Denying Motion to Withdraw the Reference, p. 2.

Between the filing of the Motion to Withdraw the Reference on September 26, 2024, and entry of the Order Denying Motion to Withdraw the Reference on September 17, 2025, this Court did not take any action in this adversary proceeding. Currently pending before this Court

are the (i) Motion to Remand (Doc. 5), (ii) a Motion for Leave to Intervene filed by Jerry O'Neil on July 28, 2025, with a Third-Party Complaint attached to the motion (Doc. 29), (iii) a Third-Party Complaint for Declaratory Judgment and Injunction filed by Alexander G. Fedorov and Marcie Salmon on July 30, 2025 that includes a prayer for relief seeking to intervene (Doc. 32), and (iv) a Motion for Summary Judgment filed by Mr. Lincoln on October 2, 2025 (Doc.35).

DISCUSSION

As an initial matter, and notwithstanding the Court's Order Resulting from Scheduling Conference (Doc. 10), which provided that the Court would set an evidentiary hearing on the Motion to Remand upon request of either party, the Court will first consider Mr. Lincoln's request to take jurisdictional discovery and for an evidentiary hearing relating to the Motion to Remand and the Disciplinary Board's opposition to that request, and then rule on the request. If the Court grants the request, the Court will enter a discovery order. If the Court denies the request, the Court will proceed to rule on the Motion for Remand as a threshold matter.

A. *Whether Mr. Lincoln is entitled to take jurisdictional discovery and an evidentiary hearing*

Mr. Lincoln filed a motion to take jurisdictional discovery and requested an evidentiary hearing on the Motion to Remand ("Motion for Jurisdictional Discovery and an Evidentiary Hearing." – Doc. 19). Mr. Lincoln asserts he needs jurisdictional discovery on the following issues:

(a) Whether 28 U.S.C. § 1443 applies to removal of actions to the bankruptcy court;

(b) Whether 28 U.S.C. § 1443 is limited to civil rights issues that relate to racial equality or is broader, and, if broader, whether it is broad enough to cover the issues raised in this removed adversary proceeding; and

(c) Whether the exception to removal contained in 28 U.S.C. § 1452(a) for "civil action[s] by a governmental unit to enforce such governmental unit's police or regulatory power" applies to the removal resulting in commencement of this

adversary proceeding.

Mr. Lincoln contends that if the Court remands the Disciplinary Proceeding (i) he will be denied his substantive and procedural due process and equal protection rights under the Fourteenth Amendment to the United States Constitution, including but not limited to the deprivation of his right to raise a defense and counterclaim to a complaint under the New Mexico disciplinary procedures; (ii) the proceedings will infringe on his freedom of speech and association in violation of the First Amendment and will violate federal antitrust laws, and (iii) he will be denied the right to a jury trial under the Seventh Amendment.

Mr. Lincoln seeks discovery concerning the nature and structure of the Disciplinary Board, its record of protecting individual rights and civil liberties, and how the phrases, "the practice of law" and "the unauthorized practice of law," under which he is being "prosecuted," are being applied and construed by the Disciplinary Board.

For the reasons stated below, this Court concludes that its decision to remand the Disciplinary Proceedings does not require any findings of fact relating to the issues with respect to which Mr. Lincoln seeks discovery. The Court therefore will deny the Motion for Jurisdictional Discovery and an Evidentiary Hearing and proceed to rule on the Motion for Remand.

B. *Whether remand is appropriate*

Mr. Lincoln removed the Disciplinary Proceeding under 28 U.S.C. §§ 1452 and 1443(1). The Disciplinary Board argues that removal of the Disciplinary Proceeding is not available under 28 U.S.C. § 1452 because that section applies only to removal of civil actions, and the Disciplinary Proceeding is not a "civil action." The Disciplinary Board also asserts that the Disciplinary Proceeding falls within the exception to removal under 28 U.S.C. § 1452(a) for

-4-

"civil action by a governmental unit to enforce such governmental unit's police or regulatory power."[1] Alternatively, the Disciplinary Board asserts this Court should abstain from hearing the removed proceeding under federal abstention principles.

As for Mr. Lincoln's removal of the Disciplinary Proceeding under 28 U.S.C. § 1443(1), the Disciplinary Board argues that even if that section can apply to the removal of an action to a bankruptcy court, removal is not available under 28 U.S.C. § 1443(1) because that section is limited to cases involving racial inequality, and Mr. Lincoln has not facially alleged a deprivation of any racial equality rights. Finally, the Disciplinary Board asserts that this Court lacks jurisdiction over the removed Disciplinary Proceeding due to the constitutional limitations of bankruptcy court jurisdiction expressed by the Supreme Court in *Stern v. Marshall*, 564 U.S. 462 (2011).

Mr. Lincoln argues that the Disciplinary Proceeding must be decided by an Article III Court, not this Court. He asserts that the Disciplinary Proceeding is inconsistent with his federal constitutional guarantees of due process and equal protection and complains that the Disciplinary Proceeding will deprive him of his right to a trial-by-jury, and his ability to assert affirmative defenses and to file a counterclaim. He wants an opportunity to challenge the constitutionality of the substantive law and procedures followed by the Disciplinary Board. Mr. Lincoln requests that this Court sustain the removal of the Disciplinary Proceeding to this Court on non-racial civil rights grounds of denial of equal protection of the laws, consolidate this adversary proceeding with Adversary Proceeding No. 24-1011-j, *Ilene Lashinsky, United States Trustee v. Charles Edward Lincoln, III,* and transfer both adversary proceedings to the District Court.[2]

---

[1] *See Departmental Disciplinary Comm. for the First Jud. Dep't v. Shapiro (In re Friedman & Shapiro, P.C.)*, 185 B.R. 143, 145 (S.D.N.Y. 1995) ("A number of courts have held that attorney disciplinary proceedings involve action by a governmental unit to enforce its regulatory power.").

[2] The District Court denied Mr. Lincoln's Motion to Withdraw the Reference of this Adversary

To decide the Motion for Remand, the Court will address removal under 28 U.S.C. §§ 1452 and 1443 in turn.

*Removal under 28 U.S.C. § 1452*

Section 1452 provides:

(a) A party may remove any claim or cause of action **in a civil action** other than a proceeding before the United States Tax Court or a **civil action** by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1452 (emphasis added).

Section § 1452, by its own language, limits removal to "civil action(s)." However, the Disciplinary Proceeding is not a civil action. Consequently it may not be removed under 28 U.S.C. § 1452. Proceedings by a disciplinary board of a State Supreme Court relating to the practice of law in the state "are neither civil nor criminal in nature but are special proceedings, sui generis, and result from the inherent power of courts over their officers," *In re Echeles*, 430 F.2d 347, 349 (7th Cir. 1970). *See also Razatos v. Colorado Supreme Ct.*, 746 F.2d 1429, 1435 (10th Cir. 1984) (disciplinary proceedings are *sui generis*). The Seventh Circuit elaborated:

> Such proceedings are not lawsuits between parties [as] litigant[s] but rather are in the nature of an inquest or inquiry as to the conduct of the respondent. They are not for the purpose of punishment, but rather seek to determine the fitness of an officer of the court to continue in that capacity and to protect the courts and the public from the official ministration of persons unfit to practice. Thus the real question at issue in a disbarment proceeding is the public interest and an

---

Proceeding (Doc. 34), and denied Mr. Lincoln's Motion to Withdraw the Reference filed in Adversary Proceeding No. 24-1011-j. *See* Adversary Proceeding No. 24-1011-j – Doc. 95.

attorney's right to continue to practice a profession imbued with public trust.

*In re Echeles*, 430 F.2d at 349-50 (citation omitted).

The United States District Court for the District of New Mexico reached the same conclusion, explaining:

> An overwhelming majority of courts have held that a disciplinary proceeding is neither criminal nor civil in nature. *See e.g., Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1435 (10th Cir.1984) (disciplinary action not a civil proceeding); *In re Daley,* 549 F.2d 469, 475 (7th Cir.), *cert. denied,* 434 U.S. 829, 98 S.Ct. 110, 54 L.Ed.2d 89 (1977) (disciplinary proceeding not a criminal prosecution); *In the Matter of John Doe, Esq.,* 801 F.Supp. 478, 481–84 (D.N.M.1992) (disciplinary action neither civil nor criminal in nature). *See also* Franklin D. Cleckley, *Clearly Erroneous: The Fourth Circuit's Decision to Uphold Removal of A State–Bar Disciplinary Proceeding Under The Federal–Officer Removal Statute,* 92 W.Va.L.Rev. 577, 621–29 (1990) (hereinafter *Cleckley*). A few courts have characterized disciplinary proceedings as either "special civil" proceedings or "quasi-criminal" in nature. *See e.g., In re Ruffalo,* 390 U.S. 544, 551, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117 (1968) (disciplinary proceedings are adversary proceedings of a quasi-criminal nature); *Committee on Professional Ethics v. Bromwell,* 389 N.W.2d 854, 857 (Iowa 1986) (disciplinary proceedings are special civil proceedings for purposes of rules on admissibility of evidence). However, this Court finds that state bar disciplinary proceedings function not to determine whether an attorney's conduct violates criminal or civil law, but whether the attorney "retains the attribute of moral fitness which is requisite to the fulfillment of an attorney's responsibilities to the court which licensed him, as well as to the public." *In re Daley,* 549 F.2d at 475. Thus, this Court concludes that a disciplinary proceeding is *sui generis*.

*In re Gorence*, 810 F. Supp. 1234, 1235–36 (D.N.M. 1992). This Court agrees. The Disciplinary Proceeding is not a "civil action." It therefore cannot be removed under 28 U.S.C. § 1452.

*Removal under 28 U.S.C. § 1443*

Section 1443, titled "Civil rights cases," provides:

Any of the following **civil actions** or **criminal prosecutions** commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal

rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (emphasis added).

Like 28 U.S.C. § 1452, 28 U.S.C. § 1443, by its own language, applies to "civil actions." It also applies to "criminal prosecutions." *Id.* And, as determined above, the Disciplinary Proceeding is not a "civil action." *Echeles*, 430 F.2d at 349; *Razatos*, 746 F.2d at 1435. Nor is it a "criminal prosecution." *Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005) (A disciplinary proceeding is "neither civil nor criminal, but an investigation into the conduct of the lawyer-respondent." (quoting *Standing Comm. on Discipline v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984))); *Rosenthal v. Justs. of the Supreme Ct. of California*, 910 F.2d 561, 564 (9th Cir. 1990) ("A lawyer disciplinary proceeding is not a criminal proceeding."); *In re Justice*, No. 20-5479, 2021 WL 3808965, at *3 (6th Cir. Aug. 26, 2021) ("[A]ttorney disciplinary proceedings are quasi-criminal—they are neither civil actions nor criminal prosecutions, but their adversarial nature and stiff penalties entitle attorneys facing disbarment to procedural due process."). Thus, for the same reason that the Disciplinary Proceeding is not subject to removal under 28 U.S.C. § 1452—it is a *sui generis* proceeding that is neither a "civil action" nor a "criminal prosecution,"— it is not subject to removal under 28 U.S.C. § 1443.

## CONCLUSION

Based on the foregoing, the Court concludes that the Disciplinary Proceeding is not subject to removal under either 28 U.S.C. § 1452 or 28 U.S.C. § 1443 because it is neither a "civil action" nor a "criminal prosecution." And because the Disciplinary Proceeding cannot be removed to this Court, it is unnecessary for the Court to address any of the parties' alternative arguments. For the same reason, the Court will not consider the other pending motions for leave to intervene and to file counterclaims. Finally, because this Court cannot preside over the

-8-

Case 24-01023-j   Doc 42   Filed 12/10/25   Entered 12/10/25 14:19:59 Page 8 of 9

Disciplinary Proceeding, it must be remanded to the New Mexico Supreme Court. This Court lacks jurisdiction over the Disciplinary Proceeding because it cannot be removed to this Court under either 28 U.S.C. § 1452 or 28 U.S.C. § 1443.

Consistent with this Memorandum Opinion the Court will enter separate orders 1) denying Mr. Lincoln's Motion for Jurisdictional Discovery and Evidentiary Hearing; and 2) granting the Motion to Remand, in part, and remanding the Disciplinary Proceeding to the Supreme Court for the State of New Mexico.

/s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: December 10, 2025

COPY TO:

Joseph C. Gonzales
Attorney for the Disciplinary Board
2440 Louisiana Blvd. NE, Suite 280
Albuquerque, NM 87110

Michael Tusken
Attorney for Charles Edward Lincoln, III
Michael L. Tusken
1510 W. Whittier Blvd., #42
LA Habra, CA 90631